**PACIFICARE INC., dba Pacificare of California, Plaintiff–Appellee,**

v.

**Vernon D. MARTIN; Sherrie Sue Martin, Defendants,**

and

**Scott Douglas Martin, a minor, Defendant–Appellant.**

No. 92–55476.

United States Court of Appeals, Ninth Circuit.

Argued Aug. 4, 1993.

Submission Deferred Aug. 20, 1993.

Submitted Dec. 2, 1993.

Decided Sept. 1, 1994.

Ernest J. Franceschi, Jr., Los Angeles, CA and William E. Cavanaugh, Costa Mesa, CA, for defendant-appellant.

Jon N. Manzanares, Konowiecki & Rank, Los Angeles, CA, for plaintiff-appellee.

Before: NORRIS, WIGGINS, and O'SCANNLAIN, Circuit Judges.

Opinion by Judge O'Scannlain; Dissent by Judge Norris.

O'SCANNLAIN, Circuit Judge:

We must decide whether an ERISA plan health insurer has a cause of action against its insured for reimbursement of medical expenses advanced under the policy when the insured recovers a full award against a third party.

## I

Scott Martin was insured under a pre-paid health plan pursuant to a group subscriber agreement between Pacificare, a federally-qualified health maintenance organization, and his father's employer, Thums Long Beach Company ("Thums"). The agreement included a provision requiring the insured to reimburse Pacificare for the cost of care for injuries caused by a third party if the insured recovered from the third party for the injuries.

In September 1986, Martin was hit by a car and severely injured, rendering him a quadriplegic. Pacificare covered Martin's medical and hospital expenses, eventually paying over $1 million for his care. Martin filed suit against the driver of the car and several other defendants. The suit was ultimately settled for an annuity paying $18,000 per month for Martin's life, separate payments totaling $1 million in cash, and over $2 million in fees and costs to Martin's attorneys.

When Martin failed to reimburse Pacificare pursuant to the subscriber agreement, Pacificare filed this action in federal district court seeking damages pursuant to 29 U.S.C. § 1132(a)(3), part of the Employee Retirement Income Security Act ("ERISA").[1] The

---

**1.** This section provides that:
A civil action may be brought—

(3) by a participant, beneficiary, or fiduciary
(A) to enjoin any act or practice which violates

district court dismissed the complaint for failure to state an equitable claim within the meaning of section 1132(a)(3), with leave to file a complaint alleging unjust enrichment, based on *Provident Life and Accident Insurance Co. v. Waller*, 906 F.2d 985 (4th Cir.), *cert. denied*, 498 U.S. 982, 111 S.Ct. 512, 112 L.Ed.2d 524 (1990).

Pacificare thereafter filed its second complaint and moved for summary judgment, which the district court granted, ruling that Pacificare had a right to reimbursement of the money it had paid to cover Martin's medical care. Martin now appeals.

## II

We must first decide whether the district court was correct in permitting Pacificare to state its cause of action under *Provident Life*. In that case, the Fourth Circuit recognized that the Provident Life Insurance Company could not bring suit under 29 U.S.C. § 1132(a)(1)(B) for reimbursement of medical expenses paid to cover an insured's injuries because that section provided a cause of action only for plan participants and beneficiaries, not for insurers. 906 F.2d at 987. Nevertheless, the court concluded that Provident Life had a federal cause of action under 238 U.S.C. § 1331(a) because the suit was founded on ERISA federal common law. *Id.* at 988–90. The court briefly mentioned that Provident Life probably could have sued under 29 U.S.C. § 1132(a)(3), but decided that since "there is seemingly little or no authority with regard to that question ... we prefer to ground federal jurisdiction under the federal question provision." *Id.* at 988 n. 5 & 6.

Here, the district court decided that because the facts were similar, Pacificare could

sue on the federal common law right to reimbursement articulated in *Provident Life*. However, while we have never specifically ruled on *Provident Life*, the Ninth Circuit has expressly refused to create federal common law causes of action under ERISA.

In *Lea v. Republic Airlines, Inc.*, 903 F.2d 624, 632 (9th Cir.1990), we rejected the argument that "the Supreme Court intended to authorize a federal common law for ERISA by permitting ordinary common law claims" when it "authoriz[ed] the federal courts to develop a federal common law of rights and obligations under ERISA regulated plans." (Citation omitted). We explained that the Supreme Court's approval of the development of a federal common law under ERISA does not authorize the creation of federal common law causes of action. "The federal common law that the Court envisioned relates to rights and obligations under the ERISA plan and not to causes of action...." *Id.* at 632 n. 11 (citation omitted).[2] "Claims relating to ERISA plans must therefore invoke the specific remedies of ERISA § 502, 29 U.S.C. § 1132 (1982 & Supp. V 1987)."[3] *Id.* at 632; *see also Olson v. General Dynamics Corp.*, 960 F.2d 1418, 1423 (9th Cir.1991) (refusing to create federal common law action of misrepresentation because "to devise a federal common law remedy for Olson's claim would defeat the scheme created by Congress in ERISA"), *cert. denied*, —— U.S. ——, 112 S.Ct. 2968, 119 L.Ed.2d 588 (1992). Since Pacificare's federal common law cause of action for reimbursement, based on *Provident Life*, does not invoke one of the specific remedies listed in section 1132, Pacificare has failed to state a cause of action permissible under ERISA.

---

any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.
29 U.S.C. § 1132(a)(3).

**2.** A federal common law for governing and interpreting ERISA plans is appropriate where the statute does not provide guidance. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56, 107 S.Ct. 1549, 1557–58, 95 L.Ed.2d 39 (1987). For example, in *PM Group Life Ins. Co. v. Western Growers Assurance Trust*, 953 F.2d 543, 546–47 (9th Cir.1992),

we fashioned a federal common law rule to govern the coordination of benefits when two insurance companies provide coverage for the same claim.

**3.** *Cf. British Motor Car Distributors, Ltd. v. San Francisco Auto. Ind. Welfare Fund*, 882 F.2d 371, 377 (9th Cir.1989) (refusing to create federal common law right to restitution because, in part, "this court has not recognized any such federal common law action for restitution in favor of employers").

## III

Although Pacificare cannot base its suit on *Provident Life,* it could state a cause of action under ERISA if its suit was "brought ... by a participant, beneficiary, or fiduciary ... to obtain other appropriate equitable relief ... to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). For Pacificare to proceed with its suit under this section, Martin's insurance contract must have been an ERISA plan, Pacificare must have been a fiduciary of the plan, and Pacificare must be seeking equitable relief to enforce the terms of the plan.

### A

■ Martin argues that his insurance contract was not an ERISA plan because it was an insured rather than a self-insured plan. This argument has no merit. In *Kanne v. Connecticut General Life Insurance Co.,* 867 F.2d 489 (9th Cir.1988), we explained that a plan was excluded from ERISA coverage only if:

(1) No contributions are made by an employer or employee organization;

(2) Participation in the program is completely voluntary for employees or members;

(3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and

(4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, or administrative services actually rendered in connection with payroll deductions or dues checkoffs.

*Id.* at 492 (quoting 29 C.F.R. § 2510.3–1(j)). A plan failing to meet any one of these criteria cannot be excluded from ERISA coverage. *Id.*

The district court made findings of uncontroverted fact conclusively demonstrating that the plan was covered by ERISA. The court found that Martin's father's employer, Thums, paid 80% of its employees' premiums and that Thums had Pacificare file ERISA forms with the government regarding the plan. Martin has not alleged that these factual findings were clearly erroneous. Therefore, since Thums made contributions and endorsed the plan as an ERISA plan, the plan failed to meet two of the criteria for excluded plans and thus was covered by ERISA. *See id.* at 493 (plan covered by ERISA where employer's insurance brochure described plan as ERISA plan); *Silvera v. Mutual Life Ins. Co. of New York,* 884 F.2d 423, 426 (9th Cir.1989) (plan covered by ERISA where employer endorsed plan, required employees to be covered, and paid premiums).

### B

■ Section 1132(a)(3) requires that the party bringing suit be a participant, beneficiary, or fiduciary. "An ERISA fiduciary includes anyone who exercises discretionary authority over the plan's management, anyone who exercises authority over the management of its assets, and anyone having discretionary authority or responsibility in the plan's administration." *Credit Managers Ass'n v. Kennesaw Life & Acc. Ins. Co.,* 809 F.2d 617, 625 (9th Cir.1987). Insurers can be ERISA fiduciaries if "they are given the discretion to manage plan assets or to determine claims made against the plan.... [A]n insurer will be found to be an ERISA fiduciary if it has the authority to grant, deny, or review denied claims." *Kyle R.R. v. Pacific Admin. Serv.,* 990 F.2d 513, 517–18 (9th Cir. 1993).

■ Pacificare points to evidence in the record that it had the discretion to approve or deny claims. Martin does not dispute this evidence, but only maintains that the named administrator of the plan, not Pacificare, was the fiduciary. However, "third party administrators ... are not fiduciaries under ERISA when they merely perform ministerial duties or process claims." *Id.* at 516. Pacificare claims that the administrator

named in the plan did not make discretionary decisions, and Martin does not allege that the named administrator had more than ministerial responsibilities. Thus, we must conclude that Pacificare had discretionary duties and was a fiduciary for the purposes of section 1132(a)(3).

### C

 Finally, to state a claim under section 1132(a)(3), Pacificare must be suing for equitable relief to enforce the terms of the plan. The district court properly dismissed Pacificare's first complaint because it was a claim for breach of contract rather than for equitable relief. Pacificare's second complaint cannot, of course, qualify for the reasons stated in Part II. Thus, far, Pacificare has not pursued a claim for equitable relief under section 1132(a)(3), and neither party has developed the arguments to support or to reject such a claim.

Whether Pacificare can amend its complaint to bring suit under section 1132(a)(3) seeking equitable relief to enforce the terms of the plan remains to be seen.

REVERSED and REMANDED.

NORRIS, Circuit Judge, dissenting.

I agree with the majority that we should not create federal common law causes of action when plans fall under the purview of ERISA. The majority, however, fails to decide whether Pacificare has pleaded and proved a claim for equitable relief under 29 U.S.C. § 1132(a)(3).

Although the district court was wrong in ruling that Pacificare had a federal common law claim, it was correct in characterizing Pacificare's claim for reimbursement as an equitable claim for unjust enrichment. As such, the claim qualifies for equitable relief under ERISA, 29 U.S.C. § 1132(a)(3).

The fact that Pacificare cited *Provident Life & Acc. Ins. Co. v. Waller,* 906 F.2d 985 (4th Cir.), *cert. denied,* 498 U.S. 982, 111 S.Ct. 512, 112 L.Ed.2d 524 (1990), in its amended complaint as legal authority for bringing its equitable claim under the federal common law is irrelevant. A plaintiff is not required to cite legal authority in its complaint; it is only required to allege facts which would entitle it to relief under any legal theory. As long as Pacificare alleges and proves facts sufficient to establish an equitable claim for unjust enrichment under § 1132(a)(3), it is entitled to relief even though it mistakenly cited *Provident Life* rather than the statute as the legal basis for that relief.

Because Pacificare has pleaded and proved a claim for equitable relief for unjust enrichment under ERISA, summary judgment for Pacificare should be affirmed. *See First Pacific Bancorp, Inc. v. Bro,* 847 F.2d 542, 545 (9th Cir.1988) (summary judgment may be affirmed on ground not relied upon by the district court). I respectfully dissent.