69 F.3d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles W. LINDENMEIER, et al., Plaintiffs-Appellants,
v.
SIEMENS POWER CORP., et al., Defendants-Appellees.
 No. 94-35530.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 14, 1995.
Decided Oct. 24, 1995.
 
 1
 Before: ALARCON, CANBY, Circuit Judges, and FITZGERALD*, District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Charles Lindenmeier, Margaret Ballard, John Lusty, Richard Nelson, and William Porath, (collectively "Plaintiffs"), on behalf of a class of employees of Exxon Nuclear Corporation ("ENC"), appeal the district court's Fed.R.Civ.P. 12(b)(6) dismissal without leave to amend their class action complaint asserting claims against ENC's successors, Siemens Power Corporation and Siemens Corporation (collectively "Siemens"). The class claims violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sec. 1001 et seq., federal common law, and Washington state law arising out of Siemens' elimination and reduction of their pension and welfare benefits.
 
 
 4
 The district court had jurisdiction under 29 U.S.C. Sec. 1132 and 28 U.S.C. Secs. 1331, 1337, 2201, and 2202. This court has jurisdiction under 28 U.S.C. Sec. 1291.
 
 I.
 
 5
 Plaintiffs brought this class action on behalf of approximately 600 current and recently retired employees of defendant Siemens Power Corporation[1] who were participants in the employee welfare and pension plan offered by ENC. On or about December 31, 1986, Siemens acquired ENC from Exxon (ENC's parent) pursuant to the terms of a stock purchase agreement.
 
 
 6
 Plaintiffs claim that Siemens expressly agreed to continue to provide ENC employees with pension and welfare benefits equal to benefits they were entitled to receive under the Exxon plan. Plaintiffs contend that Siemens provided benefits to plaintiffs, similar to those provided by Exxon, for more than five years before unilaterally altering the pension and welfare benefit package.
 
 
 7
 Siemens acknowledges that after the acquisition of ENC, Siemens continued to provide the welfare benefit plan offered by ENC until making certain changes five years later. Siemens contends, however, that the 1986 Acquisition agreement and statements made during the negotiation process with Exxon do not prohibit Siemens from changing the employees welfare benefit package.
 
 
 8
 Siemens' argument on the 12(b)(6) motion before the district court was:
 
 
 9
 (1) that welfare benefits (unlike pension benefits) do not vest under ERISA, can be changed, and allegations that benefits have changed is not sufficient to state a claim upon which relief can be granted; (2) that the terms of welfare benefit plans under ERISA must be set forth in the written plan documents themselves and that oral or other informal ("ex-plan") statements about what benefits are or will be in the future, (but which are not set forth in the plan documents), cannot form the basis for a claim under ERISA, and (3) that the various state common law claims set forth in the complaint are barred by ERISA's broad preemption provision and have not been adopted as part of a new Federal common law of ERISA.
 
 
 10
 (Emphasis original). The district court agreed with Siemens and granted its 12(b)(6) motion. Plaintiffs moved for reconsideration of the dismissal of their complaint, which the district court interpreted as including a motion to amend the complaint. Those motions were denied and this timely appeal followed.
 
 II.
 
 11
 A dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is a ruling on a question of law and as such is reviewed de novo. Stone v. Travelers Corp., 58 F.3d 434, 436-37 (9th Cir.1995). This court's review is limited to the contents of the complaint. Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir.1994). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995).
 
 
 12
 Denial of leave to amend a complaint is reviewed for an abuse of discretion. Western Shoshone Nat'l Council v. Molini, 951 F.2d 200, 204 (9th Cir.1991), cert. denied, 113 S.Ct. 74 (1992).
 
 A.
 
 13
 Count One of the complaint asserts an ERISA claim alleging that Siemens's actions constituted violations of 29 U.S.C. Secs. 1102, 1132(a)(1)(B), and 1132(a)(3). Essentially, the complaint alleges that welfare benefits vested according to the terms of the previous Exxon plan. Plaintiffs allege that Siemens agreed to provide the same benefits provided by Exxon, though this term was not included in the ERISA plan's documents, and that Siemens violated this term by reducing benefits.
 
 
 14
 Plaintiffs contended at oral argument that welfare benefits and pension benefits were intermixed and indistinguishable, and therefore vested under the Exxon plan and that Siemens agreed to assume the Exxon vesting provisions through its acquisition agreement. The district court observed that the Siemens plan, and not the preexisting Exxon plan, was the only plan from which plaintiffs could recover. The district court relied upon Watkins v. Westinghouse Hanford Co., 12 F.3d 1517, 1523-24 (9th Cir.1993), for the proposition that informal documents that are not incorporated into the formal plan documents will not alter the terms of the formal plan and that terms of a predecessor plan that are not integrated into the plan are not binding upon the plan. We agree completely with the district court. Informal documents, such as the acquisition agreement, will not alter the terms of a formally adopted plan. 29 U.S.C. Sec. 1202(a)(1).
 
 
 15
 It is clearly established that welfare plans are not subject to the vesting requirements of ERISA. 29 U.S.C. Sec. 1051(1); Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 90-91 (1983). "Because benefits under a welfare plan are generally neither vested nor accrued, an employer may amend or terminate benefits pursuant to the terms of the plan at any time." Cinelli v. Security Pacific Corp., 61 F.3d 1437, 1441 (9th Cir.1995). All that is required of a reservation clause (a clause that provides a procedure for altering welfare benefits in a plan) is a statement that a company reserves the right to amend at any time. Curtiss-Wright Corp. v. Schoonejongen, 115 S.Ct. 1223, 1229 (1995). Because the Siemens plan contained such a statement, Siemens was, and is, free to alter welfare benefits. The Exxon plan also contained a reservation clause.[2] Because Exxon was free to change their plan at any time, letters by Siemens or Exxon officials attesting to maintain Exxon benefits are not relevant. Siemens, like Exxon, was free to change its plan.
 
 
 16
 Plaintiff's reliance upon Bower v. Bunker Hill Co., 725 F.2d 1221 (9th Cir.1984), is misplaced. Plaintiffs construe Bower as stating that if medical insurance constitutes a vested benefit, that benefit could not be ended without the beneficiaries' consent. Actually, the issue in Bower was whether the employees had a right to continue to receive welfare benefits beyond the termination of a collective bargaining agreement that provided for those benefits. Bower, 725 F.2d at 1223. The holding in Bower was dependent upon the terms of the collective bargaining agreement and not upon ERISA or the terms of the Bower plan. The Bower decision in inapplicable to the instant case.
 
 
 17
 Count I of the complaint rests upon the terms of the Siemens plan and on ERISA. If viewed as a common law breach of contract claim, Count I is preempted by ERISA and was correctly dismissed. See Olson v. General Dynamics Corp., 960 F.2d 1418 (9th Cir.1991), cert. denied, 504 U.S. 986 (1992). Viewed as a "federal common law" contract claim, Count I fails if it relates to an ERISA plan. It does, therefore it fails. See Lea v. Republic Airlines, Inc., 903 F.2d 624, 632 (9th Cir.1990).
 
 B.
 
 18
 One of Congress's main goals in ERISA was the replacement of state-by-state regulation of employee benefit plans with a comprehensive federal law covering such programs. This intent is expressed in Section 514(a) which states, in part: "The provisions of this title ... shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." The scope of ERISA's preemption provision has been found "deliberately expansive" and "conspicuous for its breadth." See Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41 (1987); Gibson v. Prudential Ins. Co. of America, 915 F.2d 414, 416 (9th Cir.1990).
 
 
 19
 The Washington Supreme Court and the Ninth Circuit are in agreement that Sec. 518 broadly preempts state law benefit claims. Compare Cutler v. Phillips Petroleum Co., 124 Wash.2d 749, 881 P.2d 216 (1994), cert. denied, 115 S.Ct. 2634 (1995) (claims premised on a denial of benefits under an ERISA regulated plan and therefore rightly dismissed as preempted) with Concha v. London, 1995 WL 478722, No. 93-55478, slip op. 10051, 10074 (9th Cir. Aug. 15, 1995) (claims arising from administration of an ERISA plan preempt state law).
 
 
 20
 Plaintiffs contend that Count II, a breach of contract claim, should not be preempted because it is asserted as a federal claim rather than a state law claim. This contention fails to recognize Ninth Circuit precedent. This court "has expressly refused to create federal common law causes of action under ERISA." Pacificare Inc. v. Martin, 34 F.3d 834, 836 (9th Cir.1994). While the Supreme Court did approve of the development of a federal common law under ERISA in Pilot Life, "[t]he federal common law that the Court envisioned relates to rights and obligations under the ERISA plan and not to causes of action...." Pacificare, 34 F.3d at 836, quoting Lea v. Republic Airlines Inc., 903 F.2d 624, 632 n. 11 (9th Cir.1990).
 
 
 21
 The district court relied upon Lea, a case which expressly repudiated a claim for federal common law breach of contract. We agree, Count II was rightfully dismissed.
 
 C.
 
 22
 In Count III plaintiffs asserted a state law claim for breach of a third-party beneficiary contract. Plaintiffs allege that Siemens assumed Exxon's obligation to maintain certain pension and welfare agreements in the acquisition agreement. The district court declined to adopt the third-party beneficiary claim as part of the federal common law governing suits under ERISA. The district court found the claim "relates" to the benefits plan and was therefore preempted by ERISA. (E.R. 45:9-10). Id.
 
 
 23
 As we have held, the Lea decision expressly prohibited common law causes of action under ERISA. Additionally, this court has dismissed state law third-party beneficiary claims in Carpenters Health & Welfare Trust for California v. Tri Capital Corp., 25 F.3d 849, 854 (9th Cir.), cert. denied, 115 S.Ct. 580 (1994).
 
 
 24
 Even if Count Three was not preempted, the acquisition agreement expressly disavows the creation of any third-party beneficiary rights in section 14.6. For these reasons, Count Three fails.
 
 D.
 
 25
 Count Four of the complaint asserted a claim for tortious denial of contract as set forth in Counts Two and Three. Count Four requires the same factual inquiry as Count Three and like Count Three, affects the terms of the benefit plan and therefore relates to the plan. For the identical reasons as in Count Three, Count Four was properly dismissed.[3]
 
 E.
 
 26
 In Count Five of the complaint plaintiffs assert a common law claim for breach of fiduciary duty. A statutory remedy for breach of fiduciary duty is codified at section 404 of ERISA. A common law cause of action cannot exist given an ERISA provision specifically addressing the same issue. See Lea 903 F.2d at 632. The district court was correct in declining to recognize a common law breach of fiduciary duty under ERISA.
 
 
 27
 Count Five also asserted a claim for breach of fiduciary duty under ERISA in addition to federal common law discussed above. It is established precedent in this circuit that an employer does not act in a fiduciary capacity when deciding to amend or terminate an ERISA benefit plan. See Amalgamated Clothing & Textile Workers, AFL-CIO v. Murdock, 861 F.2d 1406, 1419 (9th Cir.1988); West v. Greyhound Corp., 813 F.2d 951, 955-56 (9th Cir.1987).
 
 
 28
 In addition, plaintiffs fail to allege conduct that constitutes a breach of fiduciary duty. Plaintiffs assert Siemens made "affirmative and material misrepresentations constituting a breach of fiduciary duty." Accepting these allegations as true, they do not rise to level of a factual allegation sufficient to constitute a breach of fiduciary duty. Once Siemens became a fiduciary, as the provider of a benefit plan, they never stated that benefits would never be cut. The district court properly dismissed this claim.
 
 F.
 
 29
 Counts Six and Seven of the complaint assert federal common law claims for promissory estoppel and equitable estoppel, respectively. This circuit "has recognized that federal equitable estoppel principles can, in certain circumstances, apply to some claims arising under ERISA." Greany v. Western Farm Bureau Life Ins. Co., 973 F.2d 812, 821 (9th Cir.1992). These circumstances, however, have been limited to situations in which an employee relied to his detriment on representations made with regard to ambiguous language in a benefit plan. Id. at 821-22. Plaintiffs make no claim that the Siemens plan is ambiguous. Because plaintiffs common law claim relates to an ERISA-qualified employee benefits plan, and it does not fall within the narrow exception for equitable estoppel, the district court properly dismissed it. See DeVoll v. Burdick Painting, Inc., 35 F.3d 408, 412 (9th Cir.1994), cert. denied, 115 S.Ct. 1381 (1995); Watkins, 12 F.3d at 1527-28 (rejecting a claim for damages cast as an equitable estoppel claim under ERISA).
 
 G.
 
 30
 Plaintiffs Counts Eight and Nine seek declaratory and injunctive relief pursuant to 29 U.S.C. Secs. 1132(A)(1) and 1132(A)(3). The district court concluded, after dismissing Counts One through Seven, that "since no 'justiciable controversy exists' in this case, and there is no otherwise appropriate equitable relief", it was necessary to dismiss Counts Eight and Nine. Under 29 U.S.C. Sec. 1132(a)(3) equitable relief is available only to redress violations or enforce the provisions of a plan or ERISA. Mertens v. Hewitt Assoc., 113 S.Ct. 2063 (1993).
 
 
 31
 Because Counts One through Seven were properly dismissed, so too Counts Eight and Nine must be dismissed.
 
 III.
 
 32
 Plaintiffs never moved for leave to amend their complaint. Nonetheless, the district court interpreted their Motion for Reconsideration as a request to amend their complaint and denied it. The district court found that plaintiffs could assert no set of facts entitling them to relief under the legal causes of action their relied upon in their complaint.
 
 
 33
 Plaintiffs contend that the basis of their claims is not the Siemens plan, but the 1986 acquisition agreement. Given that ERISA claims must be based upon the plan itself, and that their common law claims are wholly without merit, the district court did not abuse its discretion in denying leave to amend the plaintiffs' complaint. Western Shoshone Nat'l Council v. Molini, 951 F.2d 200, 204 (9th Cir.1991), cert. denied, 113 S.Ct. 74 (1992).
 
 IV.
 
 34
 The district court's grant of the dismissal under rule 12(b)(6) is AFFIRMED and the court's denial of leave to amend the complaint is also AFFIRMED.
 
 
 
 *
 The Honorable James M. Fitzgerald, Senior U.S. District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Siemens Corp., a Delaware corporation, is a holding company for power generation operations located in the United States and is owned and operated by Siemens, A.G., the parent company headquartered in Munich, Germany. Following the purchase of ENC by Kraftwerk Union Aktiengesellschaft ("KWU"), KWU transferred the stock of what is now Siemens Power to Siemens Capital, which ultimately merged into Siemens Corp. In or about September 1988, Siemens Corp. succeeded Siemens Capital as the sponsor and administrator of the pension and benefit plans involved in his class action
 
 
 [2]
 "Exxon reserves the right at any time to change in any way or terminate any benefits." Exxon Nuclear Co., Inc. Wage Employees, A Guide to Your Employee Benefits, (March 1986). This reservation clause applied to unvested benefits
 
 
 [3]
 Even if Count Four was not preempted, it is not a recognized cause of action under Washington law, nor under the law relating to ERISA