[No. B099501. Second Dist., Div. Five. Oct. 24, 1996.]

JEFFERSON-PILOT LIFE INSURANCE COMPANY, Plaintiff and Respondent, v.
RONALD L. KRAFKA, Defendant and Appellant.

## COUNSEL

Girardi & Keese and James B. Kropff for Defendant and Appellant.

Sedgwick, Detert, Moran & Arnold, Lane J. Ashley and Carolyn M. Mason for Plaintiff and Respondent.

## OPINION

## TURNER, P. J.—

### I. INTRODUCTION

Ronald L. Krafka (defendant) appeals from a judgment in favor of Jefferson-Pilot Life Insurance Company (plaintiff). Plaintiff was awarded a money judgment pursuant to a reimbursement provision of an insurance policy. We conclude plaintiff's state common law causes of action for reimbursement of medical expenses paid under an insurance plan are preempted by ERISA.[1] Further, the federal courts have exclusive subject matter jurisdiction over plaintiff's claim. Accordingly, we reverse the money judgment in favor of plaintiff and order dismissal of the complaint.

---

[1] Employee Retirement Income Security Act of 1974, title 29 of the United States Code, section 1001 et seq.

## II. Background

Plaintiff issued a group medical insurance policy to defendant's employer covering employees.[2] The policy provided, among other things, that if a policyholder was injured in an accident caused by the negligence of another and plaintiff paid the insured's medical bills, it would be entitled to reimbursement out of any recovery by the insured under his or her uninsured motorist coverage. On January 13, 1990, defendant sustained injuries in an automobile accident. On July 17, 1990, defendant signed a subrogation and reimbursement agreement acknowledging that, as required under the policy, plaintiff would be reimbursed out of any recovery by defendant from a third party.[3] Defendant included a typewritten statement that he would be seeking recovery from Cigna Insurance Company under his uninsured motorist insurance. Plaintiff paid defendant's medical bills totaling $22,749.10. In April 1993, Cigna Insurance Company paid defendant $410,000.80. Defendant has not reimbursed plaintiff in any amount for the medical benefits paid on his behalf. Plaintiff filed a complaint against defendant on November 23, 1994, alleging: breach of the insurance policy reimbursement provision; breach of the subrogation and reimbursement agreement; for recovery on an open-book account; account stated; and fraud.

Plaintiff filed a summary judgment motion, which defendant opposed. In supplemental opposition to plaintiff's summary judgment motion, defendant argued, for the first time, that the action was preempted by ERISA and subject to dismissal. Plaintiff filed a motion to strike the supplemental opposition as untimely. In addition, plaintiff argued *if* the ERISA preemption applied, the remedies sought could be characterized as equitable in nature and could be properly sought from defendant.

The trial court took the summary judgment motion under submission without ruling on plaintiff's motion to strike defendant's supplemental opposition. The court denied plaintiff's motion for summary judgment. The court granted summary issue adjudication on the merits as to the first through fourth causes of action. However, the trial court found a triable issue

---

[2]The policy provided: life insurance for the insured; accidental death and dismemberment benefits; life insurance on dependents; and medical insurance.

[3]The contract stated: "I, Ronald L. Krafka, understand and acknowledge that my medical plan has a subrogation/reimbursement provision which provides that medical benefits paid under the plan are to be reimbursed (up to the amount of such benefits paid) from any payments, awards, or settlements which may be due by any third party because of my injury on January 13, 1990. . . . [¶] I, therefore, agree to make such reimbursement to Jefferson-Pilot Life Insurance Company from any third party payments which have been (or may be) received directly by me. In addition, I authorize Jefferson-Pilot Life to directly seek and receive such reimbursement from any third party payments that may, in the future, become payable because of the injury."

of material fact existed as to the fifth cause of action for fraud. Plaintiff later voluntarily dismissed its fraud cause of action. Judgment was then entered in favor of plaintiff. Defendant appeals.

## III. DISCUSSION

■ It is undisputed plaintiff's group medical insurance policy is an ERISA plan. It is further undisputed plaintiff's claims "relate to" the plan.[4] It follows that plaintiff's reimbursement claim is governed by ERISA, which preempts state law claims. As our Supreme Court explained in *Marshall v. Bankers Life & Casualty Co.* (1992) 2 Cal.4th 1045, 1050-1051 [10 Cal.Rptr.2d 72, 832 P.2d 573], "ERISA is a comprehensive federal law designed to promote the interests of employees and their beneficiaries in employee pension and benefit plans. [Citation.] As a part of this integrated regulatory system, Congress enacted various safeguards to preclude abuse and to secure the rights and expectations that ERISA brought into being. [Citations.] Prominent among these safeguards is an expansive preemption provision, found at section 514 of ERISA (29 U.S.C. § 1144; [citations].) [¶] ERISA's preemption clause is conspicuous for its breadth, establishing as an area of exclusive federal concern the subject of every State law that 'relates to' an employee benefit plan governed by ERISA. [Citation.] ERISA preempts 'any and all State laws insofar as they . . . relate to any employee benefit plan,' except laws 'which regulate insurance . . . .' (29 U.S.C. § 1144(a), (b)(2)(A).)" ERISA preempts state common law tort and contract actions which "relate to" an employee benefit plan. (*Id.* at p. 1051.) The United States Supreme Court has held, "A law 'relates to' an employee benefit plan . . . if it has a connection with or reference to such plan." (*Shaw* v. *Delta Air Lines, Inc.* (1983) 463 U.S. 85, 96-97 [77 L.Ed.2d 490, 501, 103 S.Ct. 2890], fn. omitted.) This action alleges a violation of the terms of the plan and is brought to enforce the reimbursement provision of the policy. It follows that plaintiff's state common law causes of action "relate to" the plan and are preempted. (*Ibid.*; *Marshall* v. *Bankers Life & Casualty Co., supra*, 2 Cal.4th at p. 1051.)

Moreover, the federal courts have exclusive subject matter jurisdiction of civil lawsuits under ERISA, except for actions under title 29 of the United States Code, section 1132(a)(1)(B) and (a)(7);[5] state courts have concurrent jurisdiction in matters arising under those subdivisions. Section 1132(a)(1)(B) and (a)(7) authorizes actions, respectively: "by a participant or

---

[4]Plaintiff never raised any argument, in the trial court or on appeal, that its claim did not "relate to" the plan.

[5]All further references to a statute are to title 29 of the United States Code unless otherwise noted.

beneficiary . . . [¶] . . . [¶] to recover benefits due to him [or her] under the terms of his [or her] plan, to enforce his [or her] rights under the terms of the plan, or to clarify his [or her] rights to future benefits under the terms of the plan" and "by a State to enforce compliance with a qualified medical child support order . . . ." Plaintiff is not a plan participant or beneficiary, nor is it a state. Therefore, plaintiff is not a proper party to bring an action in state court under ERISA, section 1132(a)(1)(B) or (a)(7). In other words, any action plaintiff may be able to bring under ERISA is not a lawsuit as to which this court can exercise concurrent subject matter jurisdiction. In the absence of subject matter jurisdiction, plaintiff's complaint must be dismissed. The trial court's failure to rule on this issue does not preclude this court from doing so. Lack of subject matter jurisdiction may be raised at any time. (*DeTomaso* v. *Pan American World Airways, Inc.* (1987) 43 Cal.3d 517, 520, fn. 1 [235 Cal.Rptr. 292, 733 P.2d 614]; *Barnick* v. *Longs Drug Stores, Inc.* (1988) 203 Cal.App.3d 377, 379 [250 Cal.Rptr. 10].)

The Supreme Court of Louisiana reached the same conclusion on similar facts in *Copeland* v. *Slidell Memorial Hosp.* (La. 1995) 657 So.2d 1292, 1302. The employee benefit plan at issue was governed by ERISA. It contained a subrogation clause. The employer was an ERISA fiduciary. The employer intervened in a medical malpractice action. The employer sought reimbursement of medical expenses paid on the employee's behalf. The employee's husband signed a " 'subrogation recovery agreement' " providing that any money collected from a third party for the same medical expenses would be returned to the employer. (*Id.* at pp. 1294-1295.) The medical malpractice action was settled and the employee received $500,000 from the Louisiana Patient's Compensation Fund (PCF). (*Id.* at p. 1294.) When reimbursement was not forthcoming, the employer filed suit seeking reimbursement from the PCF. (*Id.* at p. 1295.) With respect to the question of subject matter jurisdiction, the Louisiana Supreme Court, in an opinion authored by Justice Bernette J. Johnson, held the employer could not bring the action in state court. Justice Johnson concluded the federal courts had exclusive subject matter jurisdiction to determine whether the employer was entitled to reimbursement pursuant to the subrogation agreement. (*Id.* at p. 1302.)

A cause of action *is* available in federal court to an ERISA fiduciary seeking, as here, reimbursement for medical expenses paid. Section 1132(a)(3) provides a civil action may be brought: "[B]y a participant, beneficiary, or *fiduciary* (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]" (Italics added.)

Federal courts have held a claim, as here, for reimbursement pursuant to the plan by an ERISA fiduciary falls within section 1132(a)(3). (*Copeland* v. *Slidell Memorial Hosp.*, *supra*, 657 So.2d at pp. 1301-1302; *Chitkin* v. *Lincoln Nat. Ins. Co.* (S.D.Cal. 1995) 879 F.Supp. 841, 851-853; see *Pacificare Inc.* v. *Martin* (9th Cir. 1994) 34 F.3d 834, 837, 838.) The ERISA fiduciary can bring an equitable restitution action in federal court to enforce the reimbursement provision of the plan and to prevent the unjust enrichment of the employee. (*Ibid.*) Under *Mertens* v. *Hewitt Associates* (1993) 508 U.S. 248, 256 [124 L.Ed.2d 161, 170, 113 S.Ct. 2063], the phrase "other appropriate equitable relief" in section 1132(a)(3) means "those categories of relief that were *typically* available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)." (Original italics.) In the present case, plaintiff seeks restitution.

■ Plaintiff contends it cannot bring a cause of action under ERISA. Plaintiff reasons that it is not an ERISA fiduciary. "Fiduciary" is defined in section 1002(21)(A) as a person who: "(i) . . . exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of assets, (ii) . . . renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) . . . has any discretionary authority or discretionary responsibility in the administration of such plan." The Ninth Circuit Court of Appeals has held: "An ERISA fiduciary includes anyone who exercises discretionary authority over the plan's management, anyone who exercises authority over the management of its assets, and anyone having discretionary authority or responsibility in the plan's administration. [Citation.]" (*Credit Managers Ass'n* v. *Kennesaw Life & Acc. Ins.* (9th Cir. 1987) 809 F.2d 617, 625.) Also, the Ninth Circuit has noted that insurers can be ERISA fiduciaries if "they are given the discretion to manage plan assets or to determine claims made against the plan . . . . [A]n insurer will be found to be an ERISA fiduciary if it has the authority to grant, deny, or review denied claims." (*Kyle Railways* v. *Pacific Admin. Services* (9th Cir. 1993) 990 F.2d 513, 517-518, fn. omitted; *Pacificare Inc.* v. *Martin, supra*, 34 F.3d at p. 837.)

Plaintiff contends it is not an ERISA fiduciary *in the present context* for the following reasons. Plaintiff argues it had no *discretion* whether to enforce the reimbursement provision of the plan or the separate contract; enforcement of the reimbursement provision was mandated by the terms of the plan. Further, plaintiff reasons a review of the documents in the record shows the lack of discretion afforded it as to enforcement of the reimbursement provision. Therefore, plaintiff argues, it cannot be deemed an ERISA fiduciary.

We conclude that by focusing on its power to seek reimbursement plaintiff takes too narrow a view of the scope of an ERISA fiduciary. Whether an insurer is an ERISA fiduciary is judged by its authority over the plan generally and not solely with respect to a specific exercise of such authority. (§ 1002(21)(A); *Kyle Railways* v. *Pacific Admin. Services, supra,* 990 F.2d at pp. 517-518; *Credit Managers Ass'n* v. *Kennesaw Life & Acc. Ins., supra,* 809 F.2d at p. 625.)

Moreover, the undisputed evidence in the present case compels the conclusion plaintiff was an ERISA fiduciary. Defendant's employer, Treptow Development Co., was the plan sponsor and administrator. Treptow Development Co. provided general administration of the plan and paid the premiums. Employee contributions were paid through payroll deductions. However, plaintiff had the authority to: create contracts for policies of group insurance; maintain claim files; determine whether claims would be paid or denied; review and reconsider denied claims when review was requested by an employee; terminate or renew policies; compute premiums and determine the status of insurance for each person insured; amend or change the policy by agreement with the policyholder; retain surplus earnings; change the rate basis for computation of premiums; coordinate benefits when coverage exists under more than one plan; pay benefits; determine the customary charges or the general level of charges for an unusual service; resolve disputes regarding premiums or claims; examine a person whose injury or sickness is the basis of a claim; and receive legal process in lawsuits about the plan. Given its broad discretionary authority over the plan's management and administration including the discretion to grant or deny claims and to review denied benefits requests, plaintiff was an ERISA fiduciary. (*Pacificare Inc.* v. *Martin, supra,* 34 F.3d at pp. 837-838; *Kyle Railways* v. *Pacific Admin. Services, supra,* 990 F.2d at pp. 517-518; *Credit Managers Ass'n* v. *Kennesaw Life & Acc. Ins., supra,* 809 F.2d at p. 625.)

Plaintiff asserts a claim falling under section 1132(a)(3) is not removable to the federal district court, therefore the state courts have jurisdiction over it. That contention is without merit. The inability to remove this action to the federal district court, if that is the law, does not confer subject matter jurisdiction on the state courts. We note that the time in which to seek removal of this action to the federal district court has long since passed. Title 28 of the United States Code, section 1446(b) states: "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not

required to be served on the defendant, whichever period is shorter. [¶] If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of [diversity] jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." The complaint in this action was filed on November 23, 1994. Defendant filed his answer on January 10, 1995. The complaint has not been amended nor has the nature of the claim changed. There is no merit to the contention any bar to removal creates state court jurisdiction.

## IV.   Disposition

The judgment is reversed. The trial court is directed to dismiss the complaint. Each side is to bear its own costs on appeal.

Grignon, J., and Godoy Perez, J., concurred.