Seth Allen **ROCKWELL**,
Plaintiff—Appellee,

v.

Eric **SWENSON**; Swenrock, LLC, an Alaska Limited Liability Company,
Defendants—Appellants,

and

Arch I, M/V; Tonsina Corp., an Alaska Corporation, Defendants.

No. 04–35071.

D.C. No. CV–01–00242–A–RRB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 13, 2005.

Decided Aug. 15, 2005.

Before GOODWIN, BRUNETTI, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Plaintiff Seth Rockwell invoked the district court's admiralty jurisdiction, seeking seaman's wages and reimbursement of expenses incurred in the operation of the M/V Arch I. Defendant Eric Swenson moved for summary judgment, arguing that the district court lacked subject matter jurisdiction on the ground that Rockwell was his partner and was seeking an accounting. *See Ward v. Thompson*, 63 U.S. 330, 333, 22 How. 330, 16 L.Ed. 249 (1859) ("A court of admiralty takes cogni-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

zance of certain questions between part owners, as to the possession and employment of the ship, but will not assume jurisdiction in matters of account between them."). The district court denied summary judgment. After a bench trial, the district court held that Rockwell was Swenson's employee, not his partner. The district court awarded Rockwell $41,580 in unpaid wages and $10,896.39 in non-reimbursed expenses. It also imposed a maritime lien.

The existence of subject matter jurisdiction is a question of law reviewed de novo. *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1171 (9th Cir.2004). The district court's findings of fact relevant to its determination of subject matter jurisdiction are reviewed for clear error. *Schnabel v. Lui*, 302 F.3d 1023, 1029 (9th Cir. 2002). The district court properly denied Swenson's motion for summary judgment, as there were disputed facts material to the question of whether Rockwell's claims fell within the court's admiralty jurisdiction. *See* Fed.R.Civ.P. 56.

The question of whether Rockwell and Swenson formed a partnership is governed by the former Alaska Uniform Partnership Act, Alaska Stat. § 32.05 (1998) (repealed 2004), which was in force at the time of the events in question. For a partnership to be formed under the Act, the parties must have intended to create a partnership. *See Hall v. TWS, Inc.*, 113 P.3d 1207, 1211 (Alaska 2005) ("[T]he parties' intent to create a partnership is typically one of the most important tests for whether a partnership exists...."). In holding that Rockwell was Swenson's employee, the district court found that "[t]he specifics of the partnership were never agreed upon, never reduced to writing, and there was never a meeting of the minds sufficient for either party to enforce any partnership rights against the other."

Under both Alaska and federal law, "[w]hether a partnership exists in a given case is normally a question of fact for the fact finder." *Parker v. Northern Mixing Company*, 756 P.2d 881, 887 n.11 (Alaska 1988); *Commissioner of Internal Revenue v. Tower*, 327 U.S. 280, 287, 66 S.Ct. 532, 90 L.Ed. 670 (1946) ("[T]he question arises whether the partners really and truly intended to join together for the purposes of carrying on business and sharing in the profits or losses or both. And their intention in this respect is a question of fact...."). On the record before us, we cannot hold that the district court clearly erred in determining that Rockwell and Swenson lacked the requisite intent to form a partnership under Alaska law. Thus, we do not disturb the district court's determination that Rockwell was an employee rather than a partner of Swenson, and that Rockwell's claims therefore fall within the admiralty jurisdiction of the federal courts.

Swenson also challenges the district court's imposition of a maritime lien. Whether a party's claim gives rise to a maritime lien so that a party may pursue an action in rem against a vessel is a question of law reviewed de novo. *See Myers v. American Triumph F/V*, 260 F.3d 1067, 1069 (9th Cir.2001). Maritime liens are appropriately imposed on account of unpaid seaman's wages. *See Ventura Packers, Inc. v. F/V JEANINE KATHLEEN*, 305 F.3d 913, 919 (9th Cir.2002) ("Maritime liens arise for ... unpaid seaman's wages."). Thus, the district court did not err in imposing the lien.

**AFFIRMED.**