LANPHERE ENTERPRISES, INC., an Oregon corporation; Beaverton Chrysler Plymouth, Inc., an Oregon corporation; Newberg Dodge Jeep Chrysler–Plymouth, Inc., an Oregon corporation, Plaintiffs—Appellants,

v.

DOORKNOB ENTERPRISES, LLC, an Oregon limited liability company; K Lube, L.C., a foreign limited liability company; USP/GK, L.C., a foreign limited liability company; USP/GEE, L.C., an Oregon limited liability company; Horseshoe Lubricants, L.L.C., a foreign limited liability company; Sam Trakul Investments, Inc., an Oregon corporation; BK & S Corporation, an Oregon corporation; TOC, Inc., an Oregon corporation; LGOC, Inc., an Oregon corporation, Defendants—Appellees.

No. 04–35055.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2005.

Decided Aug. 19, 2005.

Duane A. Bosworth, III, Esq., Kevin H. Kono, Esq., Davis, Wright, Tremaine, Craig A. Nichols, Nichols & Associates, Portland, OR, for Plaintiffs—Appellants.

Scott A. Shorr, Esq., Robert A. Shlachter, Esq., Stoll Stoll Berne Lokting & Schlachter, PC, Portland, OR, for Defendants—Appellees.

Before: GOODWIN, TASHIMA, and CLIFTON, Circuit Judges.

## MEMORANDUM [*]

Lanphere Enterprises, Inc. ("Lanphere") appeals the district court's dismissal of its claims against Doorknob Enterprises and eight other similarly situated defendants ("Franchisees"), for intentional interference with existing or prospective business relationships and violations of the Lanham Act. Lanphere alleges that the Franchisees engaged in false advertising that caused it economic harm. The district court granted summary judgment for the Franchisees on the grounds of claim and issue preclusion, based upon its judgment in a prior case, *Lanphere Enterprises, Inc. v. Jiffy Lube International, Inc.,* No. CV 01–1168 BR (D.Or. June 18, 2003) ("*Jiffy Lube*").[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and conclude that claim preclusion bars Lanphere's claims against the Franchisees. Accordingly, we affirm the district court.

We review the district court's grant of summary judgment de novo. *Yakutat, Inc. v. Gutierrez,* 407 F.3d 1054, 1066 (9th Cir.2005). We can affirm summary judgment on any ground supported by the record. *Bosley Med. Inst., Inc. v. Kremer,* 403 F.3d 672, 677 (9th Cir.2005). We also review de novo the district court's application of the doctrine of claim preclusion. *Littlejohn v. United States,* 321 F.3d 915, 919 (9th Cir.2003).

Claim preclusion bars subsequent lawsuits on any claims that Lanphere raised or could have raised in *Jiffy Lube*.[2] *See Providence Health Plan v. McDowell,* 385 F.3d 1168, 1173 (9th Cir.2004). It forecloses litigation of issues that Lanphere did not pursue in *Jiffy Lube*, if those issues should have been raised in the earlier suit. *See Gospel Missions of Am. v. City of Los Angeles,* 328 F.3d 548, 553 (9th Cir.2003). Application of claim preclusion

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[1] We affirmed the district court's judgment in *Jiffy Lube* in a memorandum disposition filed on June 1, 2005. *See Lanphere Enters., Inc. v.* *Jiffy Lube Int'l Inc.,* 2005 WL 1279227 (9th Cir. June 1, 2005).

[2] Because the parties are familiar with the facts, we recite them only as necessary to aid in the understanding of this disposition.

requires: (1) identity of claims; (2) a final judgment on the merits; and (3) privity between the parties. *Providence Health Plan,* 385 F.3d at 1174. The parties do not dispute that the district court's grant of summary judgment in *Jiffy Lube* constitutes a final judgment on the merits. Accordingly, we must analyze only the remaining two factors.

## I. *Identity of Claims*

■ Identity of claims exists if the two actions at issue arose out of the same transactional nucleus of facts. *Burlington N. Santa Fe R.R. v. Assiniboine & Sioux Tribes,* 323 F.3d 767, 770 (9th Cir.2003). We conclude that Lanphere's claims in this case arise from the same transactional nucleus of facts as those in *Jiffy Lube.* Lanphere alleges that it was harmed by specific misrepresentations in *Jiffy Lube* advertisements. The statements it complains of are the same statements that it identified in *Jiffy Lube.*[3] With the exception of its claims based on ads aired after the time period covered in *Jiffy Lube,* Lanphere could have brought all the claims in the present action in the *Jiffy Lube* case.[4]

Lanphere argues that its claims against the Franchisees differ from those litigated in *Jiffy Lube* in three respects. First, the allegations in the present case include television ads mentioning "certified technicians." In *Jiffy Lube,* Lanphere complained only of radio ads making "certified technician" statements. We conclude that in this context all of Lanphere's "certified technician" claims arise from the same transactional nucleus of facts. The claims involve the same alleged misrepresentation and thus should have been brought together in the earlier suit.

Next, Lanphere here alleges that the Franchisees independently "caused and authorized" radio advertisements, while *Jiffy Lube* involved only allegations that Jiffy Lube, as the franchisor, engaged in false advertising. Lanphere's claims of injury arise from the same alleged misrepresentations, however, regardless of whether the ads at issue were "caused and authorized" by the Franchisees or the franchisor. It therefore could and should have brought these claims in the prior action.

Finally, Lanphere points to its allegations regarding advertisements placed after the time period at issue in *Jiffy Lube.* Once again, these ads involve the same alleged misrepresentations as those that Lanphere attacked unsuccessfully in *Jiffy Lube.* Lanphere cannot, however, relitigate the propriety of advertising statements that it challenged unsuccessfully in *Jiffy Lube* simply by alleging that the Franchisees repeated the same statements again during a later time period. *See In re Dual–Deck Video Cassette Recorder Antitrust Litig.,* 11 F.3d 1460, 1463–64 (9th Cir.1993) (applying collateral estoppel to bar antitrust claims based on conduct occurring after the time period covered by an earlier judgment because the plaintiff simply alleged a continuation of behavior previously adjudged not to be an antitrust conspiracy).

Accordingly, we conclude that identity of claims exists for purposes of claim preclusion.

## II. *Privity*

■ We have described privity as "a legal conclusion designating a person so

---

**3.** As the parties are aware, the district court in *Jiffy Lube* did not allow Lanphere to amend its complaint to add some of the alleged misrepresentations, but the court nonetheless ruled on all of the statements.

**4.** Lanphere could have added the Franchisees as defendants and added its Lanham Act claims at the same time, thus preserving the district court's subject matter jurisdiction.

identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *Headwaters, Inc. v. United States Forest Serv.*, 399 F.3d 1047, 1052–53 (9th Cir.2005) (quoting *United States v. Schimmels (In re Schimmels)*, 127 F.3d 875, 881 (9th Cir.1997)) (internal quotation marks and other citation omitted). The district court concluded that Jiffy Lube and the Franchisees were in privity for purposes of preclusion analysis. It based this conclusion on its determination that the Franchisees likely could seek indemnity from Jiffy Lube for any liability resulting from the advertisements at issue. Though Lanphere criticizes this conclusion, it offers no reason for us to conclude that it is erroneous. *See Am. Safety Flight Sys., Inc. v. Garrett Corp.*, 528 F.2d 288, 289 n. 1 (9th Cir.1975) (evaluating in the context of res judicata a district court's determination whether an indemnitor-indemnitee relationship existed). Given the district court's conclusion regarding indemnity and the fact that the Franchisees were legally connected to Jiffy Lube by virtue of the franchise relationship, we conclude that the district court did not err in determining that Jiffy Lube and the Franchisees were in privity.

Because each of the elements of claim preclusion is satisfied, the *Jiffy Lube* judgment bars Lanphere's claims. Accordingly, the judgment of the district court is

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.