MEMORANDUM**
Phongsoon Dejanu, aka Peter Dejanu (“Dejanu”), appeals his jury conviction and his 110-month sentence imposed after a jury convicted him on ten out of fourteen *496 counts of bank fraud, making false statements to a foreign bank, wire fraud, bankruptcy fraud, failure to appear for trial, and criminal forfeiture. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the conviction and grant a limited remand under United States v. Ameline, 409 F.3d 1073 (9th Cir.2005) (en banc).
In ancillary proceedings, appellant Michael J. Kissinger (“Kissinger”) appeals the district court’s denial of his third-party petition to amend an order of criminal forfeiture resulting from Dejanu’s conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
A. Appellant Dejanu
Dejanu was convicted, after a lengthy jury trial, of charges stemming from misrepresentations contained in an application submitted by Dejanu for two bank loans used to finance the purchase of real property. Dejanu argues[1] that his conviction must be reversed because (1) a fatal variance or constructive amendment occurred at trial on one of the bank fraud counts, (2) insufficient evidence was presented to support the conviction on the bank and wire fraud counts, (3) instructional error occurred, (4) the district court erred in its evidentiary rulings, (5) the district court committed plain error in instructing on the forfeiture count, and (6) the district court committed plain error in sentencing.
Dejanu’s fatal variance, constructive amendment, and insufficient evidence contentions all are based on the argument that the misrepresentations contained in the indictment are not material misrepresentations relied upon by the bank in deciding whether to approve the loans. However, the misrepresentations contained in the indictment are material misrepresentations in that they are capable of influencing a bank in its loan approval process. See Neder v. United States, 527 U.S. 1, 16, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (defining a material misrepresentation as “a false statement ... [that] has ‘a natural tendency to influence, or [is] capable of influencing, the decision of the decisionmaking body to which it was addressed.’ ”) (quoting United States v. Gaudin, 515 U.S. 506, 509, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995)(quoting Kungys v. United States, 485 U.S. 759, 770, 108 S.Ct. 1537, 99 L.Ed.2d 839 (1988) (plurality opinion) (internal quotation marks omitted) (alteration in original))). The record contains no persuasive evidence indicating the jury convicted Dejanu based upon other misrepresentations. Although the victim bank’s loan officer testified that he did not rely on the misrepresentations in the application during the loan approval process, the law does not require proof of actual reliance, merely proof that the representations had the natural tendency and capacity to influence the bank. In this case, the government presented evidence that Dejanu submitted incorrect data as to the value of assets on an application for a multi-million dollar loan. A bank officer testified that such information is normally “extremely important to the bank.” We find that there was sufficient evidence for the jury to conclude that Dejanu’s misrepresentations had a natural tendency to influence or were ca *497 pable of influencing the bank’s decision to approve the loan. Accordingly, we also find that there was no variance or constructive amendment.
The evidence presented at trial also was sufficient to support Dejanu’s conviction on the wire fraud counts. The record reflects that Dejanu instructed his son to open a new account, deposit funds that should have been presented to the victim bank in the new account, and later wire-transfer some of those funds to relatives in Thailand. Viewing the evidence presented in the light most favorable to the prosecution, a rational trier of fact could have reasonably found that the wire transfers were completed in furtherance of the scheme to defraud. See Jackson v. Virginia, 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The district court did not commit instructional error by presenting an instruction using a “reasonable bank” standard in defining materiality. The Ninth Circuit permits a definition of materiality in fraud cases that includes the objective “reasonable person” standard as well as a definition using a subjective standard. See United States v. Johnson, 297 F.3d 845, 866 n. 21 (9th Cir.2002). Even assuming that the “reasonable bank” standard was not properly applied in this case, the instructional error was harmless, in that, based on the evidence presented, the misrepresentations would have been material under either instruction because the misrepresentations were capable of influencing the bank. Moreover, no instructional error occurred when the district court rejected Dejanu’s proposed instruction concerning the date on which the loan application was submitted to the bank. Dejanu’s materiality theory, on which the proposed instruction was based, was not supported by the law. In addition, the record reflects that the district court presented an instruction to the jury that adequately covered the defense theory and extensive argument was presented to the jury on that theory. See United States v. Lopez, 885 F.2d 1428, 1434 (1989), overruled on other grounds by Schmuck v. United States, 489 U.S. 705, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989).
The district court did not abuse its discretion in allowing gambling evidence at trial. The evidence of gambling is not unduly prejudicial, as compared to its probative value. Gambling is a legal activity, and no evidence of the extent of Dejanu’s gambling activities was presented to the jury which may have portrayed him in an unfavorable light. Moreover, the evidence was highly relevant, as it demonstrated that Dejanu in fact received and spent the proceeds obtained through the fraud.
The district court also did not err in excluding evidence, pursuant to Federal Rule of Evidence 613(b), by a former attorney which Dejanu sought to present in order to impeach a primary witness’s testimony on cross examination. Dejanu did not raise the impeachment by contradiction alternative to the district court. Even on that theory, however, exclusion would have been proper because the testimony sought to be impeached was presented by Dejanu on cross examination and was not volunteered by the witness. See United States v. Castillo, 181 F.3d 1129, 1133, 1134 n. 1 (9th Cir.1999).
In addition, the district court did not commit plain error in instructing the jury on the forfeiture statute in this case. There is no appreciable difference between the term “traceable” and the term “derived” where, as here, the net “proceeds” forfeited were less than the amount of the loan, and there were no multiple transfers involved.
*498 Lastly, Dejanu contends the district court committed plain error in its application of the U.S. Sentencing Guidelines. Where, as here, a district court has treated the guidelines as mandatory, and the record provides no indication of whether the district court would have imposed the same sentence under an advisory guideline regime, the appropriate course of action is to grant a limited remand. See United States v. Moreno-Hernandez, 419 F.3d 906 (9th Cir.2005). We therefore remand for the district court to determine whether it would have imposed a different sentence under an advisory-guideline regime and, if necessary, resentence Dejanu in a manner consistent with United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and United States v. Ameline, 409 F.3d 1073 (9th Cir.2005)(en banc).
B. APPELLANT KISSINGER
Kissinger, Dejanu’s former attorney, in ancillary proceedings, appeals the district court’s denial of his petition to amend an order of criminal forfeiture of the proceeds of the sale of two properties financed through the subject loans illegally obtained by Dejanu. Kissinger contends the district court erred in (1) finding Kissinger was not a bona fide purchaser for value with no reason to believe the property was subject to forfeiture, (2) denying Kissinger’s request to relitigate an issue resolved during Dejanu’s criminal trial, (3) ruling claim preclusion applied to certain issues presented in the petition that were litigated in bankruptcy court, and (4) failing to determine whether Kissinger’s fee agreements created choate rights under California law.
Under relevant statutory authority and case law, Kissinger has no standing to challenge the criminal forfeiture. See 21 U.S.C. § 853; United States v. Nava, 404 F.3d 1119, 1124 (9th Cir.2005). Whether the criminal forfeiture of the property was proper is nbt an issue subject to litigation by third parties in an ancillary proceeding.
The district court did not err by finding that eight of ten issues presented in Kissinger’s petition concerning the 690 Market Street property had been previously litigated in bankruptcy court. Additionally, the district court did not err in finding that the two remaining issues in the petition should have been presented in the bankruptcy proceeding. Kissinger was a creditor and partial interest-holder in (1) the 690 Market Street property, and (2) the partnership in bankruptcy which had a partial interest in 690 Market Street via the August 29, 1995 promissory note. Kissinger had a full and fair opportunity to litigate the two remaining issues before the bankruptcy court but failed to do so. See Providence Health Plan v. McDowell, 385 F.3d 1168, 1173-74 (9th Cir.2004).
We also affirm the district court’s decision as to the 1700 California Street property. Kissinger failed to submit sufficient evidence to demonstrate he was unaware of the misrepresentations contained in the loan application. He therefore did not meet his burden of proof to establish by a preponderance of the evidence that he was reasonably without cause to believe the property was subject to forfeiture. See 21 U.S.C. § 853(n)(6)(B). Accordingly, the district court did not err in denying Kissinger’s petition.
In conclusion, we AFFIRM Dejanu’s convictions and REMAND for proceedings consistent with United States v. Ameline, 409 F.3d 1073 (9th Cir.2005)(en banc). We AFFIRM the district court’s denial of Kissinger’s petition.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

. Dejanu presents two additional contentions concerning one of the bank fraud counts and one of the false statements counts. However, Dejanu concedes that these contentions fail under Ninth Circuit precedent. See United States v. McNeil, 320 F.3d 1034, 1037-38 (9th Cir.2003) (holding that 18 U.S.C. § 1344 applies where a bank is not the sole or immediate victim); United States v. Boren, 278 F.3d 911, 915-16 (9th Cir.2002) (holding 18 U.S.C. § 1014 applies to a stop payment order on a bank check). Therefore, we reject these contentions.