**Dora J. THURMAN, Plaintiff–Appellant,**

v.

**GENERAL MILLS OPERATIONS INC., d/b/a Yoplait Colombo; Lilia Ruiz, Defendants–Appellees,**

and

**Reed Group Ltd.; Mario Chioino; Erica Edwards; Gayby Sepulveda; Robert Hreha; Jeff Crandall; Fred Williams; Rita Harris; Hamida Merchant; Janice Ciprioni, Defendants.**

No. 05–55567.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2006.*

Filed Dec. 8, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Dora J. Thurman, Gardena, CA, pro se.

Craig Gerald Staub, Esq., Littler, Mendelson, P.C., Los Angeles, CA, Tina M. Fryar, Esq., Littler Mendelson, P.C., San Diego, CA, for Defendants–Appellees.

Sandra Benlevy, Esq., Littler, Mendelson, P.C., Los Angeles, CA, for Defendants–Appellees and Defendants.

Before: PREGERSON, THOMPSON, and TALLMAN, Circuit Judges.

### MEMORANDUM **

On November 19, 2004, Dora Thurman, proceeding pro se, filed suit alleging six causes of action for wrongful discharge and willful violation of the Family Medical Leave Act. District Judge Wilson dismissed the suit as barred by res judicata and entered judgment in favor of General Mills Operations, Inc. ("General Mills") and Lilia Ruiz. Thurman appealed. We have jurisdiction based on 28 U.S.C. § 1291.

In August 2003, Thurman filed an action alleging employment discrimination pursuant to Title VII. That complaint was brought against General Mills (incorrectly named as Yoplait Columbo). On August 3, 2004, the district court granted General Mills' summary judgment motion in that case and entered judgment in its favor.

Res judicata, or claim preclusion, bars lawsuits on " 'claims that were raised or could have been raised in a prior action.' " *Fed. Trade Comm'n v. Garvey*, 383 F.3d 891, 897 (9th Cir.2004) (quoting *Providence Health Plan v. McDowell*, 361 F.3d 1243, 1249 (9th Cir.2004)). Claim preclusion applies if there is " '(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties.' " *Id.* (quoting *Providence Health Plan v. McDowell*, 361 F.3d 1243, 1249 (9th Cir.2004)).

Res judicata bars the current suit because of the 2003 action. First, there is an identity of claims. Both actions arise out of the same transactional nucleus of facts. *See In re Int'l Nutronics, Inc.*, 28 F.3d 965, 971 (9th Cir.1994). In conducting claim preclusion analysis, what matters is not whether the new claims were brought before, but whether they could have been brought. *Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir.2003). Second, the district court entered a final judgment on the merits on August 3, 2004. Although Thurman's appeal of that judgment is pending, it is a final judgment for purposes of res judicata. *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1439 (9th Cir.1985). Third, there is an identity of parties. As an employee of General Mills, Ruiz meets the privity requirements for purposes of res judicata. *Spector v. El Ranco, Inc.*, 263 F.2d 143, 145 (9th Cir.1959).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.