Robert HAGEL, Plaintiff–Appellant,

v.

PORTLAND STATE UNIVERSITY; Douglas N. Samuels, Dr.; Wendy Endress, Dean; Michele Toppe, Asst. Dean; Don Yackley, Defendants–Appellees.

No. 05–35703.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2007.*

Filed May 15, 2007.

Ann B. Witte, Esq., Portland, OR, for Plaintiff–Appellant.

Patricia Bridge Urquhart, Esq., Erin C. Lagesen, Esq., AGOR–Office of the Oregon Attorney General, Richard D. Wasserman, Esq., Attorney General's Office, Salem, OR, for Defendants–Appellees.

Before: PREGERSON, RYMER, and GRABER, Circuit Judges.

MEMORANDUM **

Robert Hagel appeals the district court's grant of summary judgment in favor of the Appellees. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we AFFIRM in part and REVERSE in part the district court's order.

■ We affirm the district court's dismissal of Portland State University as a defendant. The University is an arm of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

148

the state of Oregon and, therefore, immune from suit under the Eleventh Amendment. *See Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1035 (9th Cir.1999).

■ We also affirm the district court's holding that the Appellees afforded Hagel adequate procedural due process with regard to his suspension. The district court properly balanced Hagel's due process rights with the concerns for the safety and well-being of students, staff, and campus property.

■ We reverse the district court's dismissal of Hagel's 42 U.S.C. § 1983 claim relating to his loss of housing. The district court dismissed this claim based on claim preclusion. Claim preclusion applies if there is "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1174 (9th Cir.2004) (internal quotation marks omitted). Because the Oregon Court of Appeals subsequently reversed the case upon which the district court relied for its holding, there is no longer a final judgment. Under Oregon law, once a decision has been reversed, it no longer has preclusive effect. *Cmty. Bank v. Vassil*, 280 Or. 139, 570 P.2d 66, 68–69 (1977).[1] Accordingly, we reverse the district court and remand for further proceedings, including an examination of any potential abstention issues. The parties shall bear their own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, REMANDED.**

---

1.  Oregon law governs whether claim preclusion applies. *See Dodd v. Hood River County,* 59 F.3d 852, 861–62 (9th Cir.1995).

