**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SENN MOSES, | No. 08-56897 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-04137-ODW-SS |
| v. | |
| THE NIELSEN COMPANY, INC., a Corporation Erroneously Sued As The Nielsen Company (US), Inc., FKA VNU, Inc.; ADMINISTRATIVE COMMITTEE OF THE NIELSEN COMPANY (US), INC. CAREER TRANSITION PLAN, | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted March 4, 2010

Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before:    KOZINSKI, Chief Judge, W. FLETCHER, Circuit Judge, and TUNHEIM,[**] District Judge.

Senn Moses ("Moses") appeals the district court's denial of his motion to remand this case to state court. The district court determined that Moses's state law claims were preempted by the Employment Retirement Income Security Act ("ERISA"). Moses also appeals the district court's grant of summary judgment to The Nielsen Company ("Nielsen"). We affirm both decisions of the district court.

For his arguments against preemption and in favor of remand, Moses relies heavily on *Graham v. Balcor Co.*, 146 F.3d 1052 (9th Cir. 1998). In *Graham*, neither party disputed that the agreement giving rise to Graham's claims was made outside of the context of any ERISA plan, although such a plan was the subject of the agreement. Here, Nielsen argues that the agreement giving rise to Moses's claims is part of its Career Transition Plan ("Plan"), which is governed by ERISA. Moses counters that his agreement with Nielsen is separate from the Plan, like the agreement in *Graham*. In order to decide the merits of Moses's claims, a court will have to interpret Plan language. For example, a crucial disclaimer is found on a form document used in Plan administration, and the disclaimer's language explicitly references the Plan's terms and summary description. Because it would

---

[**]    The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

2

be impossible to decide this case without interpreting Plan language, this case relates to an employee benefit plan as required for ERISA preemption. *See* 29 U.S.C. § 1144(a); *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172 (9th Cir. 2004).

As to summary judgment, we agree with the district court. Nielsen's Committee did not abuse its discretion as Plan administrator. The summary Moses received concerning his severance pay clearly indicated that the amount of pay was subject to the terms and conditions of the Plan. The Plan provided for a maximum benefit equal to the employee's annual salary. Only Nielsen's CEO had the authority to grant greater benefits, and no evidence in the record indicates that he did so or that Moses believed he had done so. Correcting the amount of severance specified in the summary Moses received, by reducing it to the amount specified in the Plan, was not an abuse of discretion. Moses was on notice of the correct amount from the outset and only eight days had passed before the correction was made.

For the foregoing reasons, we **AFFIRM** the district court's denial of the motion to remand and its grant of summary judgment to Nielsen.