FILED

NOT FOR PUBLICATION

JUN 17 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRUCE R. PROBERT, pro se,

    Plaintiff - Appellant,

  v.

ROSE KALAMARIDES; et al.,

    Defendants - Appellees.

No. 12-35251

D.C. No. 4:11-cv-00012-RRB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief Judge, Presiding

Submitted June 10, 2013[**]

Before:    HAWKINS, McKEOWN, and BERZON, Circuit Judges.

    Bruce R. Probert appeals pro se from the district court's judgment dismissing his action alleging that defendants improperly withheld his pension benefits and breached their fiduciary duties. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

under Fed. R. Civ. P. 12(b)(6), *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999), and we affirm.

The district court properly dismissed Probert's claim, properly brought under the Employee Retirement Income Security Act ("ERISA"), that defendants improperly withheld his pension benefits, because it is undisputed that Probert failed to exhaust his administrative remedies. *See Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 626 (9th Cir. 2008) ("[W]e have consistently held that before bringing suit under § 502, an ERISA plaintiff claiming a denial of benefits must avail himself . . . of a plan's own internal review procedures before bringing suit in federal court." (citation and internal quotation marks omitted)).

The district court properly dismissed Probert's breach of fiduciary duty claim because Probert is not entitled to pursue a fiduciary duty claim under ERISA without representation of counsel. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 666 (9th Cir. 2008) ("[A]n ERISA action brought pursuant to §§ 1109(a) and 1132(a)(2) is brought in a representative capacity and thus requires plaintiff to be represented by counsel.").

To the extent that Probert claims that defendants violated his privacy in violation of 5 U.S.C. § 552a, the district court properly dismissed this claim, as § 552a does not provide a cause of action against private parties. *See Unt v.*

*Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir. 1985) ("The private right of civil action created by the [Privacy] Act is specifically limited to actions against agencies of the United States Government.  The civil remedy provisions of the statute do not apply against private individuals . . . [or] . . . private entities . . . .").

The district court properly dismissed Probert's remaining state law claims for lost wages and related damages as preempted by ERISA.  *See Providence Health Plan v. McDowell*, 385 F.3d 1168, 1171-72 (9th Cir. 2004) (ERISA preempts state law or common law claims which have a "connection with or reference to" an employee benefit plan).

We do not address Probert's claim of judicial bias raised for the first time in his reply brief.  *See Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) (per curiam).

**AFFIRMED.**