W. FLETCHER, Circuit Judge,
concurring:
Oregon Teamster Employers Trust (“OTET”)’s primary argument on appeal is that the district court erred in concluding that its claim for breach of contract was preempted by ERISA. In particular, OTET argues that, like the trust in Providence Health Plan v. McDowell, 385 F.3d 1168 (9th Cir.2004), it is merely “attempting, through contract law,” to enforce a contractual provision that is incorporated into the ERISA plan. Id. at 1172. The panel opinion distinguishes McDowell on the ground that here, unlike in McDowell, “analysis of the terms of the ERISA plan is ... required.” Op. at 1156.1 agree that McDowell can be distinguished from this case, but the distinction is narrow and unconvincing. I think the better course would be to take this case en banc to reverse McDowell. McDowell was wrong when it was decided and is wrong today.
As the panel opinion observes, ERISA has a broad preemption clause, “one of the broadest preemption clauses ever enacted by Congress.” Security Life Ins. Co. of America v. Meyling, 146 F.3d 1184, 1188 (9th Cir.1998) (quoting Evans v. Safeco Life Ins. Co., 916 F.2d 1437, 1439 (9th Cir.1990)). ERISA “supersede^] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan.” 29 U.S.C. § 1144(a). The clause is broad because ERISA contains within itself a “carefully crafted and detailed enforcement scheme” that specifies in exacting detail just how an ERISA plan may be enforced. Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 209, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002) (quoting *1162 Mertens v. Hewitt Assocs., 508 U.S. 248, 254, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993)); see 29 U.S.C. § 1132(a). Under the terms of that scheme, a plan fiduciary like OTET cannot sue for damages, even when it believes (as OTET does) that it has distributed benefits in violation of the plan. See Bilyeu v. Morgan Stanley Long Term Disability Plan, 683 F.3d 1083, 1091 .(9th Cir.2012).
In McDowell, we invented an exception to this rule that circumvents both the enforcement scheme Congress created and the accompanying preemption clause. The plaintiff in McDowell was an ERISA health plan fiduciary that had paid over $30,000 in medical expenses arising out of a car accident between two plan participants and a third party. 385 F.3d at 1170. The plan contained a reimbursement provision that required plan participants to remit the proceeds of any settlement to the fiduciary “up to the amount of benefits paid.” Id. When the participants, the McDowells, received a settlement from the driver of the other vehicle involved in the accident, the plan fiduciary sought to enforce the reimbursement provision. Id. at 1171. Because ERISA does not permit a plan fiduciary to sue for damages, the fiduciary filed a state-law breach of contract suit, seeking damages for breach of the reimbursement clause of the plan. Id.
It is clear that a plan fiduciary has no remedy under ERISA in such a situation. An ERISA fiduciary cannot bring a damages suit to enforce an ERISA plan; it can sue only for equitable relief. See 29 U.S.C. § 1132(a)(3); Bilyeu, 683 F.3d at 1091. Nor can such a fiduciary bring a state-law breach of contract suit to enforce the terms of the ERISA plan, because such a suit would clearly “relate to an[ ] employee benefit plan” and thus be preempted. 29 U.S.C. § 1144(a). But the panel in McDowell reached the opposite conclusion. It held that, because enforcing the reimbursement provision “does not require interpreting the plan or dictating] any sort of distribution of benefits,” the fiduciary’s contract suit did not “relate to” the plan and was not preempted. McDowell, 385 F.3d at 1172. The fiduciary, the panel explained, was “simply attempting, through contract law, to enforce the reimbursement provision.” Id.
As then-Judge Thomas explained in his dissent from our failure to rehear McDowell en banc, the panel’s conclusion was clearly wrong. See id. at 1175 (Thomas, J., dissenting from the denial of rehearing en banc). The fiduciary in McDowell was not merely trying to use state contract law to enforce a term in an unrelated contract. It was, in the panel’s own words, “attempting, through contract law, to enforce the reimbursement provision ... incorporated into the[J ERISA plan.” McDowell, 385 F.3d at 1172 (emphasis added). I do not see how it is possible to conclude, as the McDowell panel did, that a suit to enforce the terms of an ERISA plan does not “relate to” an ERISA plan.
McDowell and this case can be distinguished in two ways, but neither finds significant support in ERISA. The result in McDowell depends on the panel’s claim that “[adjudication of [the fiduciary’s] claim does not require interpreting the plan or dictate any sort of distribution of benefits.” Id. In this case, by contrast, as the panel opinion explains, OTET’s breach of contract claim both requires interpreting the plan and turns on a provision that dictates the distribution of benefits. See Op. at 1156. But the first distinction is entirely illusory, and the second is a distinction without a difference.
First, while it is true that OTET’s contract claim requires interpreting the terms of the ERISA plan, the fiduciary’s contract claim in McDowell did, too. The thrust of the fiduciary’s claim in McDowell was that *1163 the ERISA plan required participants to remit “the proceeds of any settlement” that they obtained from third parties, and that the McDowells, by refusing to do so, had breached the plain terms of the plan. 385 F.3d at 1170. To adjudicate the fiduciary’s claim, the district court would have been required to determine whether the withheld funds were, in fact, “proceeds” under the meaning of the ERISA plan. No one doubted that the funds were “proceeds,” just as no one doubts here that Henderson and Jackson were not employees. As the panel opinion observes, the fact that an interpretive exercise is de minimus does not mean that interpretation is not required. It is true, in other words, that OTET’s contract claim requires “interpreting the plan.” Id. at 1172. But the panel in McDowell was wrong to state that the contract claim in that case did not also require “interpreting the plan.”
The second distinction between this case and McDowell is hardly more convincing. The McDowell panel concluded that the reimbursement claim in that case was not preempted because the fiduciary was not attempting to enforce a provision that would “dictate any sort of distribution of benefits.” Id. at 1172. Here, by contrast, OTET is trying to enforce a provision that does implicate the payment of benefits. But I fail to see why this is a meaningful difference. It should not matter, if a litigant is attempting to enforce a provision in an employee benefits plan, whether the provision in question governs payments made from the trust to the participant (ie., a benefits provision) or payments made from the participant to the trust (ie., a reimbursement provision). Both are parts of the contract between the two parties. By arbitrarily deciding that a reimbursement provision may be enforced through a breach of contract damages suit, whereas a benefits provision may not, McDowell ignores the Supreme Court’s repeated instructions that we may not discard the explicit terms of an ERISA plan. See U.S. Airways, Inc. v. McCutchen, — U.S. -, 133 S.Ct. 1537, 1548, 185 L.Ed.2d 654 (2013) (“The plan, in short, is at the center of ERISA.”).
As Judge Thomas’s dissent explained, the rule McDowell establishes is deeply problematic. Under McDowell, “insurers may sue plan participants for reimbursement based on provisions in the insurance contract, but ... plan participants cannot file suits or counter-claims[ ] against insurers for breach of contract or bad faith in claim administration under the contract.” McDowell, 385 F.3d at 1176 (Thomas, J., dissenting from the denial of rehearing en banc). That is, while plan fiduciaries may bring state-law claims against plan participants to enforce their rights under an ERISA plan (at least if they seek to enforce a reimbursement provision), plan participants may not bring state-law claims against plan fiduciaries to enforce their contractual rights under the same plan. “The impact of this decision is to provide a special exemption for one party while handcuffing the other.” Id. at 1177. I do not believe that Congress intended this “harsh and anomalous” result. Id. at 1176.
I concur in the panel’s opinion because I agree that McDowell is narrowly distinguishable (if unconvincingly) from this case, and because we must distinguish McDowell if McDowell remains the law and we are to reach the correct result in this case. But the underlying reality is that McDowell was wrongly decided. We should take the opportunity to rehear this case en banc and overrule McDowell.