Kristine Ann DALL and Donald R. Crooks Jr., et al., Plaintiffs Appellants,

v.

ALBERTSON'S, INC. and Ralph's Grocery Company, et al., Defendant–Appellees.

No. 05–55649.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 18, 2007.

Filed May 14, 2007.

Steven J. Kaplan, Esq., Rottman & Kaplan LLP, Beverly Hills, CA, David M. Derubertis, Esq., The Derubertis Law Firm, Woodland Hills, CA, for Plaintiffs Appellants.

Lawrence J. Gartner, Esq., Kauff McClain & McGuire LLP, David L. Bacon, Esq., Linda S. Husar, David N. Buffington, Esq., Thelen Reid Brown Raysman & Steiner, LLP, Los Angeles, CA, for Defendant–Appellees.

Before: FARRIS and GOULD, Circuit Judges, and DUFFY *, District Judge.

MEMORANDUM **

Kristine Ann Dall and Donald R. Cooks, Jr. ("Appellants") appeal the district court's judgment dismissing their claims with prejudice and ruling that their state statutory claims were subject to the complete preemption doctrine of § 301 of the

---

\* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Labor–Management and Relations Act 29 U.S.C. § 185(a), which provides that federal law must govern claims founded directly on rights created by a collective bargaining agreement ("CBA") or substantially dependent on interpretation of a CBA. Appellants now argue that their claims are not subject to § 301 preemption because they (i) are based on independent rights conferred by statute and not established by a CBA; and (ii) are not substantially dependent on interpretation of the CBA. Appellants also seek attorney's fees for improper removal pursuant to 28 U.S.C. § 1447.

After the expiration of a CBA, a labor dispute arose between a group of employers and their employees, who were members of the United Food & Commercial Workers International Union (the "Union"). The employers had previously formed a mutual aid pact whereby all signatories would lockout their employees in the event of a strike. After the Union called a strike against one of the signatory-employers, Ralph's Grocery Company and Albertson's, Inc. ("Appellees") pursuant to the mutual pact, initiated a lockout of their employees. Appellees did not give their employees 60 days' notice of the lockout.

On October 14, 2003, the Union filed a lawsuit against Appellees alleging that they violated the Cal WARN Act[1] by failing to provide their employees with 60 days' notice of a "mass layoff." On February 27, 2004, the Union and Appellees simultaneously entered into a new CBA and a Labor Dispute Settlement Agreement (the "Settlement Agreement"). This agreement required Appellees and the Union to waive, release, and dismiss all claims pertaining to the labor dispute and required arbitration for any disagreements regarding interpretation of the Settlement Agreement. The Union accordingly dismissed its Cal–WARN claim.

On October 12, 2004, Appellants, as individuals of a putative class of grocery store employees subjected to the alleged mass layoff by Appellees, filed their own Cal–WARN claims against Appellees in state court. Appellees removed these claims to federal court based on § 301 preemption. The district court denied Appellants' motion to remand and granted Appellees' motion for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure without opinion. Appellants timely appealed the ruling of preemption and dismissal.

As removal is a question of federal subject matter jurisdiction, we review a district court's determination de novo. *Providence Health Plan v. McDowell*, 361 F.3d 1243, 1247 (9th Cir.2004). An order granting a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is also reviewed de novo. *Cleghorn v. Blue Shield of Cal.*, 408 F.3d 1222, 1225 (9th Cir.2005).

On its face, § 301 is a jurisdictional statute under which "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185(a). Settlement agreements between employers and labor unions are included within this definition. *See Retail Clerks Int'l Ass'n v. Lion Dry Goods, Inc.*, 369 U.S. 17, 28, 82 S.Ct. 541, 7 L.Ed.2d 503 (1962); *Gen. Teamsters, Auto Truck Drivers & Helpers Local 162 v. Mitchell Bros. Truck Lines*, 682 F.2d 763, 765–766 (9th

---

1. Cal. Labor Code § § 1401 *et seq.*

Cir.1982). Section 301 authorizes federal courts to develop a common law for the interpretation of CBAs. *Textile Workers Union v. Lincoln Mills,* 353 U.S. 448, 451, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). This federal common law preempts state contract law for purposes of CBA interpretation and enforcement. *Local 174, Teamsters of Am. v. Lucas Flour,* 369 U.S. 95, 103–04, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962). Finally, § 301 preemption converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.[2] *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

The first test for § 301 preemption is whether there are "claims founded directly on rights created by [a CBA]." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 394, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Where a claim can be litigated under state law alone, it is independent of any CBA and not preempted by § 301. *Lingle v. Norge Div of Magic Chef, Inc.,* 486 U.S. 399, 409–410, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). Thus, as "master of the claim," a plaintiff may avoid federal jurisdiction by exclusive reliance on state law. *Young v. Anthony's Fish Grottos, Inc.,* 830 F.2d 993, 996 (9th Cir.1987). The national policy of referring labor disputes to arbitration is not offended where the claims arise from rights independent of a CBA. *Caterpillar,* 482 U.S. at 399 n. 15, 107 S.Ct. 2425.

"[T]o remove a state law claim to federal court under the complete preemption doctrine, federal law must both completely preempt the state law claim and supplant it with a federal claim." *Young,* 830 F.2d at 997. Therefore, if the plaintiffs could not have asserted a federal claim based on the allegations in the state law complaint,

there is no removal jurisdiction. *Id.* In *Cramer v. Consolidated Freightways, Inc.,* we held that where "plaintiffs [base] their claims on the protections afforded them by California state law, without any reference to expectations or duties created by the CBA ... their claims are neither founded directly upon rights conferred in the CBA nor 'substantially dependent upon' interpretation of the CBA terms." 255 F.3d 683, 694 (9th Cir.2001). California's statutory rights "guaranteed to all persons, whether or not they may happen to work subject to a CBA ... are independent of [a] CBA and not subject to § 301 preemption." *Id.*

Like the plaintiffs in *Cramer,* Appellants base their claims on rights conferred by a California statute, not a CBA. The Cal–WARN Act grants the right to 60 days' notice of a mass layoff regardless of whether an employee works subject to a CBA. Because the Settlement Agreement or any CBA in the present case did not provide a right to 60 days' notice of a mass layoff, there is no federal claim under § 301 that would supplant Appellants' state law claim. As such, Appellants' rights under the Cal–WARN Act are independent of any rights conferred by the Settlement Agreement or any CBA.

The second test for § 301 preemption is whether resolution of the claim is "substantially dependent" upon interpreting a CBA. *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 220, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). Appellees contend that resolution of Appellants' claims are substantially dependent on interpreting the Settlement Agreement to determine if the release provisions apply to Appellants' individual claims. However, the Supreme Court has

---

**2.** The well-pleaded complaint rule provides that federal jurisdiction exists only when a federal question is presented on the face of

the plaintiff's properly pleaded complaint. *Caterpillar,* 482 U.S. at 392, 107 S.Ct. 2425.

specifically rejected this argument in *Caterpillar, Inc. v. Williams*. In *Caterpillar*, an employer unsuccessfully argued that § 301 preempts state law claims where the employer raises a defense that requires a court to interpret a CBA. 482 U.S. at 398–99, 107 S.Ct. 2425. The employer asserted that the employees had waived any pre-existing rights in a subsequent CBA. *Id.* at 398, 107 S.Ct. 2425. In a unanimous opinion, the Supreme Court stated:

> It is true that when a defense to a state claim is based on the terms of a[CBA], the state court will have to interpret that agreement to decide whether the state claim survives. But the presence of ... a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule-that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court ... a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated.

*Id.* at 398–99, 107 S.Ct. 2425; *see also Cramer*, 255 F.3d at 691 (holding that "[i]f the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense" (citing *Caterpillar*, 482 U.S. at 398–99, 107 S.Ct. 2425)). The Settlement Agreement in this case is only relevant to Appellees' asserted defenses of waiver, release, and duty to arbitrate. Because Appellees are looking to the Settlement Agreement's arbitration and release

provisions in "mounting their defenses," there is no preemption and removal was improper under *Caterpillar* and *Cramer*.

Section 301 preemption is an exception to the well-pleaded complaint rule only where the face of the complaint shows a § 301 issue requiring interpretation of a CBA. In this case, a § 301 issue arises only because of Appellees' defense, and not from the face of the complaint. As such, the exception does not apply and the district court lacked removal jurisdiction. Therefore, we REVERSE and REMAND to the district court with instructions to remand the case to state court and to determine if an award of attorney's fees for improper removal is appropriate in this case.

**REVERSED AND REMANDED.**