MEMORANDUM **
Kristine Dali and Donald Crooks, Jr., represent a class (collectively “Appellants”) of unionized grocery store employees who appeal the district court’s denial of their petition for attorney’s fees following remand of the underlying lawsuit to state court. Appellants originally sued Al-bertson’s, Inc. and Ralphs Grocery Company (collectively “Employers”) for terminating their employment without adequate notice during a labor dispute. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
On prior appeal in Dall v. Albertson’s Inc., 234 Fed.Appx. 446, 447 (9th Cir.2007), we held that removal was inappropriate and sent the case back to district court for remand to the California state courts. Following remand of a case upon unsuccessful removal, the district court may, in its discretion, award attorney’s fees “incurred as a result of the removal.” 28 U.S.C. § 1447(c). “Absent unusual circumstances, courts may award attorney’s fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.” Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005) (citations omitted).
Employers sought removal under the Labor Management Relations Act § 301, codified at 29 U.S.C. § 185, which establishes federal jurisdiction over “[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations.” The record supports Employers’ explanation that they reasonably believed Appellants’ “claims [were] ‘substantially dependent on analysis of a collective-bargaining agreement,’ ” in this case the Strike Settlement Agreement, which purported to release all claims by union members arising from the labor dispute. Caterpillar, Inc. v. Williams, 482 U.S. 386, 394, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (quoting Int’l Bhd. of Elec. Workers v. Heckler, 481 U.S. 851, 859 n. 3, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987)). The propriety of invoking § 301 jurisdiction is not an easy determination on these facts. Hence, an objectively reasonable basis existed for invoking federal jurisdiction at the time Employers sought removal.
In the alternative, Appellants argue that unusual circumstances warrant an award of fees. As the Supreme Court said in Martin: “When a court exercises its discretion [to grant fees under a finding of unusual circumstances], ... its reasons for departing from the general rule should be ‘faithful to the purposes’ of awarding fees under § 1447(c).” 546 U.S. at 141, 126 S.Ct. 704 (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n. 19, 114 S.Ct. *161 1023, 127 L.Ed.2d 455 (1994)). The criminal conduct of which Appellants complain is external to the WARN Act litigation at issue here and is irrelevant to Employers’ decision to seek removal to federal court. Therefore, Martin’s unusual circumstances exception does not apply.
The district court did not abuse its discretion in denying Appellants’ request for fees.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.